# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:24-CR-00130-02 |
| v. | (Chief Judge Brann) |
| ANDREW ENSANIAN, | |
| Defendant. | |

## ORDER

### JUNE 24, 2024

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The Court directed the preparation of a presentence report from the bench. A presentence conference in this case will be scheduled, if necessary, after both parties have reviewed and responded to the Presentence Report. The purpose of this Order is to reduce the oral directive to writing and to prescribe the practice relating to the preparation of the presentence report, the resolution of disputed facts, and the use of the report by counsel and the Court in arriving at a just sentence.

**NOW, THEREFORE, IT IS ORDERED** that:

1.  <u>Interview of Defendant</u>. In conformity with Local Rule 32.1(b), the probation officer shall provide defense counsel with notice and a reasonable opportunity to attend any interview of the Defendant by a probation officer in the course of a presentence investigation. Unless an interview is declined on advice of

counsel, the probation officer shall interview the Defendant immediately after a verdict of guilty or the entry of a plea of guilty or nolo contendere. Upon request by defense counsel, or if the probation officer's schedule so requires, the probation officer shall postpone the interview. However, any postponement greater than seven (7) days shall require the approval of the undersigned.

    2.    <u>Statement of Offense Conduct</u>.  In conformity with Local Rule 23.1(c), within seven (7) days after a verdict of guilty or the entry of a plea of guilty or nolo contendere, the attorney for the Government shall provide to the probation officer and to the Defendant's counsel a comprehensive Statement of Offense Conduct and supporting documentation. If a Defendant is responsible for restitution, the Government must within twenty-eight (28) days submit sufficient information to enable the Court to determine entitlement, the name of each victim, the amount of loss for each victim, and documentary support for each amount. If liability for restitution is joint and several, the Government shall itemize the restitution amount for which each defendant is responsible. The Statement of Offense Conduct shall address all Chapter Two and Chapter Three adjustments to the United States Sentencing Commission Guidelines Manual which are necessary to calculate the sentencing guidelines.

    3.    <u>Exchange of Documentary Information</u>.  In conformity with Local Rule 23.1(d), the Government shall provide to the Defendant's counsel a copy of any documentary information provided to the probation officer to be considered in

the preparation of the presentence report at the same time as it is provided to the probation officer. The Defendant or the Defendant's counsel may submit documentary information to the probation officer and shall provide a copy to the attorney for the Government at the same time as it is provided to the probation officer.

    4.    <u>Disclosure of Presentence Report</u>. In conformity with Local Rule 32.1(a), the Probation Officer shall within fifty-six (56) days after this Order disclose the presentence report to the Defendant, to counsel for the Defendant, and to counsel for the Government. This Order does not require the disclosure of any portions of the presentence report that are not disclosable under Rule 32(d)(3) of the Federal Rules of Criminal Procedure.

Defense counsel shall promptly familiarize himself or herself with the contents of the presentence report, including the evaluative summary, and any special medical or psychiatric reports pertaining to the Defendant. The Probation Officer shall delete from the copy of the presentence report to be supplied to the Defendant any medical or psychiatric data, knowledge of which may be detrimental to the Defendant's well-being. The Probation Officer shall notify counsel for both sides what portions, if any, of the report are being withheld from the Defendant under Rule 32(d)(3).

    5.    <u>Objections to Presentence Report</u>. In conformity with Local Rule 32.1(f), within fourteen (14) days after receiving the presentence report, the parties

shall communicate in writing to the probation officer, and to each other, any objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report. The written communication shall contain detailed information regarding any disputed issues. After receiving any objections, the probation officer may require counsel for both parties as well as the Defendant and/or case agent to meet with the probation officer to discuss unresolved factual and legal issues. The probation officer may also undertake further investigation and revise the presentence report as necessary.

6. <u>Disclosure of Final Report</u>. At least ten (10) days before the presentence conference, the Probation Officer shall submit the final presentence report to the Court, together with an addendum setting forth any unresolved objections, the grounds for those objections, and the probation officer's comments on those objections. At the same time, the probation officer shall transmit the final presentence report and the Addendum to the Defendant, the Defendant's counsel, and the attorney for the Government. The probation officer shall not disclose any sentencing recommendation unless so ordered by the Court. In the event that there are no objections to the presentence report, the Court may, at its discretion, cancel the presentence conference and set a sentencing date.

7. <u>Sentencing Briefs, Sentencing Memoranda, and Motion for Departure from the Sentencing Guidelines</u>. Following the presentence conference, the Court shall enter an Order memorializing a briefing schedule, if necessary, for objections

to the presentence investigation report, motions for departures and/or sentencing memoranda. Counsel are not required to brief objections to the presentence investigation report prior to the presentence conference.

8. <u>Presentence Conference</u>. At the presentence conference counsel shall be prepared to discuss whether there are any disputed facts or conclusions of law which may form any part of the basis for the sentence and which will require or render advisable a hearing and findings of fact by the Court thereon. The Defendant shall not attend the presentence conference. A sentencing date shall be scheduled by an order to issue following the presentence conference.

9. <u>Recommendatory Letters</u>. All letters of recommendation on behalf of the Defendant shall be sent at least seven (7) days before sentencing to the Probation Officer for submission to the Court. Letters are <u>not</u> to be sent directly to the Court.

10. <u>Sentencing</u>. If there are no disputed issues of fact or law which require a presentence hearing or make one advisable, sentencing will be imposed at a time and date to be set at the presentence conference in a written order filed thereafter. Government counsel shall present to the Court at the sentencing and immediately after imposition of sentence a written motion and proposed Order dismissing counts or an entire indictment which remain outstanding.

11.     <u>Advancement of Dates for Presentence conference and Sentencing</u>. If no objections are made to the presentence report under ¶4, either counsel or Defendant may move, no later than fourteen (14) days prior to the presentence conference, to advance the date for presentence conference.  The Court will attempt to hold the same approximately three weeks earlier than the date scheduled above unless to do so would conflict with its other commitments.  However, while counsel may decide that the presentence conference is superfluous, the Court may conclude otherwise.  In this case, for the edification of the Court, the presentence conference will be held, as scheduled.

12.     <u>Deferral of Dates for Presentence Conference and Sentencing</u>.  If the Government moves for a deferral of the presentence conference or sentencing based upon the Defendant's agreement to cooperate, lack of opportunity of the grand jury to act upon information provided.

13.     <u>Modification of Time Periods</u>.  The time periods set forth in this Order may be modified by the Court *sua sponte* or for good cause shown.

                                                    BY THE COURT:

                                                    <u>s/ Matthew W. Brann</u>
                                                    Matthew W. Brann
                                                    Chief United States District Judge